UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

FILED
2023 AUG 22 PM 1:14
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN RAMOS<br>    Plaintiff, | ) JURY TRIAL DEMANDED CR<br>)<br>) |
| v. | ) Case No. 1:23CV00985 DII<br>) |
| MIDLAND CREDIT MANAGEMENT, Inc.<br>    Defendant. | )<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory brought by Plaintiff John Ramos an individual consumer, against Defendant, Midland Credit Management, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact

business in Austin, Travis County, Texas, and the conduct complained of occurred in Austin, Travis County, Texas.

### III. PARTIES

3. Plaintiff John Ramos (hereinafter "Mr. Ramos") is a natural person residing in Austin, Travis County, Texas. Mr. Ramos is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Upon information and belief, Defendant Midland Credit Management, Inc. is a California corporation with its principal place of business located at 350 Camino De La Reina ste 100, San Diego, CA 92108.

5. Defendant Midland Credit Management, Inc., is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another's.

### IV. FACTS OF THE COMPLAINT

6. Defendant Midland Credit Management, Inc., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

7. On or about July 5, 2023, Mr. Ramos reviewed his credit report on "credit karma."

8. On the report, the Mr. Ramos observed a trade line from Debt Collector.

2

9. Debt Collector furnished a trade line of $396, allegedly owned to Comenity Bank.

10. Also on July 5, 2023, Plaintiff made a dispute via telephone, however on August 20, 2023 Plaintiff re-checked his credit reports and Debt Collectors had has several communications with the consumer reporting agencies and all Debt Collectors failed to communicate that the debt was disputed the Plaintiff disputed.

11. Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Mr. Ramos and caused severe humiliation, and emotional distress and mental anguish.

## V. FIRST CLAIM FOR RELIEF
(Defendant Midland Credit Management, Inc.,)
15 U.S.C. §1692e(8)

12. Mr. Ramos re-alleges and reincorporates all previous paragraphs as if fully set out herein.

13. The Debt Collector violated the FDCPA.

14. The Debt Collector's violations include, but are not limited to, the following:

The Debt Collector violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that alleged debt was in dispute by Mr. Ramos.

15. As a result of the above violations of the FDCPA, the Defendants are liable to the Mr. Ramos actual damages, statutory damages and cost.

### VI.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Ramos respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

                    Respectfully submitted:

<u>John Ramos</u>   */s/*
John Ramos,
2250 Double Creek Dr.
#6711
Round Rock, TX 78664
512.450.2238 (telephone)
Johnramos2121@gmail.com (email)