UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN RAMOS, § | |
| *Plaintiff* § | |
| § | |
| v. § | No.  1:23-CV-00985-DAE |
| § | |
| MIDLAND CREDIT § | |
| MANAGEMENT, INC., § | |
| *Defendant* § | |

**ORDER**

Before the Court are Plaintiff John Ramos's Motion to Compel Discovery Responses from Defendant Midland Credit Management, Inc., Dkt. 15, and Defendant Midland Credit Management, Inc.'s Motion to Compel Responses to Discovery, Dkt. 18. The District Court referred the motions to the undersigned for disposition, and the Court set the motions for hearing. Dkts. 23, 31. In advance of the hearing, pursuant to the Court's order setting the hearing, the parties conferred and reached agreements on a handful of the disputed discovery responses. At the hearing, after considering the parties' filings, the record, the arguments at the hearing, and the applicable law, the Court announced its ruling on the remaining issues, and the reasons for the ruling, on the record. This written order memorializes that ruling.

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff John Ramos's Motion to Compel Discovery Responses from Defendant Midland Credit Management, Inc., Dkt. 15. In particular, the Court **GRANTS** Ramos's motion as to

1

Requests for Production 1(a), 2, 11, and 17. The Court **DENIES** the motion in all other respects.

The Court **GRANTS IN PART AND DENIES IN PART** Defendant Midland Credit Management, Inc.'s Motion to Compel Responses to Discovery, Dkt. 18. The Court **GRANTS** Midland's motion as to Interrogatory No. 4; RFPs 9 and 10 (more on RFP 10 below) from Midland's First Set of RFPs; and RFP 7 from Midland's Second Set of RFPs (but limited in time to responsive documents dating from January 1, 2023, to the present). The Court **DENIES** the motion in all other respects (including Midland's request for sanctions).

Midland's First RFP 10 seeks a signed medical authorization from Plaintiff. In response to Midland's Interrogatory No. 9—which asked Ramos to "identify each mental and physical health care professional who has counseled or treated Plaintiff in connection with or as a result of such alleged mental anguish damages"—Ramos responded "N/A." Dkt. 18-1, at 9. The Court advised Plaintiff at the hearing that if Plaintiff intends to seek damages in connection with any alleged mental anguish he alleges Midland is responsible for, he must produce records of any treatment he received in connection with that claim. Based on Ramos's response to Interrogatory No. 9, it appears he has not sought any such treatment. But if he did, the Court **ORDERS** Ramos to produce any records related to that treatment.

Consistent with the order above, the Court **OVERRULES** all asserted objections as to any discovery ordered to be produced and **SUSTAINS** all asserted objections as to any portion of the motions to compel that the Court denied.

It is **FURTHER ORDERED** that any responsive discovery ordered to be produced pursuant to this order shall be produced within 14 days of this Order. If any responsive discovery is being withheld pursuant to a privilege, the withholding party shall produce a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5) by this same deadline.

SIGNED January 12, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE